# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| CARY PARKER, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF VERNON LEE PARKER, JR., <br><br> Plaintiff, <br><br> vs. <br><br> TRANSPORT LEASING/CONTRACT, Inc. and YASIYM BRYANT BONNER, <br><br> Defendants. | Civil Action No.: 22-av-_____-_____ <br><br> **COMPLAINT** <br> (*Jury Trial Demanded*) <br><br> (*Wrongful Death; Wrongful Survival*) <br> (*Negligence; Negligence Per Se*) <br> (*Punitive Damages*) |

COMES NOW Plaintiff Cary Parker, as Personal Representative of the Estate of Vernon Lee Parker, Jr. ("Plaintiff"), by and through his undersigned counsel, and states his Complaint against Defendants Transport Leasing/Contract, Inc. and Yasiym Bryant Bonner as follows:

## PARTIES

1. Plaintiff, as the duly appointed Personal Representative of the Estate of Vernon Lee Parker, Jr. ("Decedent"), has the right and authority to bring this wrongful death action on behalf of Decedent's beneficiaries under the South Carolina Wrongful Death Act, S.C. Code § 15-51-10 *et seq.*, this survival action on behalf of Decedent's Estate under S.C. Code § 15-5-90 *et seq.*, and this civil action for negligence and negligence *per se*.

2. Plaintiff is a citizen and resident of Marlboro County, South Carolina.

3. Decedent was a citizen and resident of Marlboro County, South Carolina at the time of the collision caused by Defendants that took Decedent's life.

4. Defendant Transport Leasing/Contract, Inc. ("TLC") is an Indiana corporation with a principal place of business located at 6160 Summit Drive N. Suite 500, Brooklyn Center, Minnesota 55430.

5. Upon information and belief, Defendant Yasiym Bryant Bonner ("Bonner") is a citizen and resident of the County of Gwinnett, State of Georgia, residing at 1721 Surry Hill Circle, Lawrenceville, Georgia 30054.

6. At all times material to the motor vehicle collision which forms the basis of this action, Bonner was the employee, agent, servant, or independent contractor of TLC. Accordingly, TLC is vicariously liable for the acts and omissions of Bonner as described below.

## JURISDICTION AND VENUE

7. This suit arises from a multi-vehicle collision that caused the death of the Decedent. The collision occurred on US Highway 15 in Marlboro County, South Carolina on May 21, 2020. The tractor-trailer that struck Decedent's vehicle and caused the fatal collision was being operated by Bonner.

8. Upon information and belief, separate from the tortious acts and omissions that occurred in this case, TLC also regularly conducts business in Marlboro County, South Carolina, by way of its employees operating tractor-trailers within Marlboro County, South Carolina.

9. In accordance with 28 U.S.C. § 1332, this Court has jurisdiction based on complete diversity of citizenship of the parties and the amount in controversy exceeds $75,000.00.

10. In accordance with 28 U.S.C. § 1391 and Local Civil Rule 3.01(A)(1), venue is proper in the Florence Division of the District of South Carolina, as a substantial part of the events giving rise to the claim occurred there.

11. For these reasons, this Court has personal jurisdiction over the parties to this action and has subject matter jurisdiction over the claims asserted in the Complaint. Furthermore, venue is proper.

## FACTUAL ALLEGATIONS

12. Plaintiff incorporates by reference and realleges the allegations of the prior paragraphs as stated herein.

*Employer/Employee Relationship*

13. Defendants TLC and Bonner were and are, for all purposes relevant to this lawsuit, in an employer/employee relationship that imposes *respondeat superior* liability upon TLC for Bonner's actions and omissions.

14. According to its own website (www.tlccompanies.com), TLC (as part of the conglomerated "TLC Companies") is the largest and most trusted transportation-specific Professional Employer Organization in the United States and represents that it "fully screen(s)" commercial drivers in compliance with DOT regulations.

15. Following an initial employment screening performed by TLC, Bonner and TLC entered into an employment relationship, as evidenced by the "Commercial Drivers Employee Representation Agreement" that Bonner signed on December 17, 2019, which states in relevant part as follows:

> I understand and accept that the following are conditions of being an **employee** of the TLC Companies ("TLC"):
>
> 1. I will adhere to Federal and State Department of Transportation regulations.
>
> 2. I am an **employee** of TLC on loan/lease to the Lessee to whom I am assigned.

3. Any on-the-job-injury I suffer will be immediately reported to TLC so they may file a worker's compensation report of injury to the Indiana Worker's Compensation Board.

4. I shall call in for reassignment within 72 hours if the Lessee that I am assigned to goes out of business; the Lessee releases me for lack of work; the Lessee has a temporary work slowdown; the Lessee discharges me; or I quit my assignment with Lessee. If I do not call TLC I will be classified as a 'voluntary termination' for unemployment compensation claim purposes.

6. Any unauthorized alteration of this agreement by **Employee** or Client, will make the agreement null and void and **employment with TLC Companies** will terminate immediately.

7. I acknowledge having received, agreed to familiarize myself with and acknowledge my responsibilities under the Federal Motor Carrier Safety Regulations Pocketbook and the **Employee Handbook**.

8. Mandatory DOT and Client Safety Requirements:

    - No texting while driving, and use of hands-free cell phone devises only. These are minimum requirements as state/local laws regarding cell phone usage may be more restrictive.

    - Maintain a safe following distance between you and other vehicles.

(Emphasis added). A copy of the Commercial Drivers Employee Representation Agreement is attached as Exhibit A.

16. When TLC hired Bonner as an employee, they provided him with TLC's Employee Handbook, as Bonner was TLC's employee. On December 17, 2019, Bonner acknowledged in writing that he had received TLC's Employee Handbook. A copy of this acknowledgement is attached as Exhibit B. The acknowledgment states that Bonner is **employed** by TLC on an at-will basis, and that the **employment** could be terminated at any time by TLC or Bonner, and that if at any time there was a question regarding any of the provisions in the Employee Handbook that Bonner will contact TLC's Employee Resource Specialist.

17. When TLC hired Bonner as its employee, TLC also provided him with TLC's Injury Prevention Training program, indicating that TLC had and undertook responsibility for Bonner's safety training. A copy of the cover page of TLC's Injury Prevention Training materials is attached as <u>Exhibit C</u>. TLC's Injury Prevention Training materials state that the TLC companies proudly presents this program and will increase your awareness, prepare and instruct you on the most common ways injuries occur, and give you useful, rational, and practical ways to avoid and minimize injuries.

<i><u>Actions and Omissions by Defendants Causing Decedent's Wrongful Death</u></i>

18. Unfortunately, however, TLC and Bonner did not follow this training or applicable safety rules and regulations, which resulted in Decedent's death.

19. On May 21, 2020, at approximately 5:27 p.m., Decedent was driving a 2005 Chevrolet Malibu owned by Joanna Schmidt in a west-bound direction on US Highway 15, which is a two-lane undivided highway with frequent intersections, including a "T-intersection" with Mt. Zion Church Road.

20. At this same point in time, a vehicle being driven by Selena Douglas was traveling in an east-bound direction on US Highway 15. Ms. Douglas' vehicle slowed down as she prepared to make a legal and foreseeable left-hand turn from US Highway 15 onto Mt. Zion Church Road.

21. Bonner, while acting in the course and scope of his employment with TLC, was driving a 2017 Freightliner tractor-trailer in an east-bound direction on US Highway 15, immediately behind Ms. Douglas' vehicle. However, Bonner was intentionally traveling in excess of the posted maximum safe speed on "cruise control" as he approached Ms. Douglas' vehicle from behind. Due to Bonner's inattentiveness, Bonner did not notice that Ms. Douglas was slowing to make a left-hand turn.

22. Due to his excessive speed and inattentiveness, Bonner caused a situation where the commercial vehicle he was operating was going to crash into Ms. Douglas' vehicle, which would have been avoided entirely if Bonner had (a) kept a proper lookout; (b) kept his speed within the applicable speed limit; (c) maintained a proper distance behind the vehicle in front of him; and (d) followed other traffic and safety laws and regulations.

23. Bonner then tried to swerve into the *oncoming* lane of traffic in order to avoid colliding to Ms. Douglas' vehicle, thereby crossing the center line of US Highway 15 and entering the oncoming lane of traffic. Bonner still collided with Ms. Douglas vehicle before driving his tractor-trailer directly into the vehicle being driven by Decedent, which immediately, directly and proximately caused a fatal head-on collision that killed Decedent.

24. Decedent was acting in a reasonable and prudent manner, maintaining his direction of travel in his own lane when the vehicle he was driving was struck by the tractor-trailer driven by Bonner while acting in the scope of Bonner's employment with TLC.

*Defendants' Conduct Was the Sole Cause of Decedent's Death*

25. Decedent was not at fault in any way for this accident.

26. The impact of the collision was so severe that it launched the vehicle being driven by Decedent into a violent spin, causing Decedent to suffer multiple traumatic and painful blunt force traumas that caused excruciating pain and his ultimate death. As a direct result of Defendants actions and omissions, Decedent suffered a horrific death resulting from the collision solely caused by Bonner and TLC.

27. The road conditions at the time of the collision were dry. There were no visibility issues due to the time of day or weather. The sole cause of the fatal collision was the reckless actions and omissions of Defendants.

## FOR A FIRST CAUSE OF ACTION
### (*Negligence and Negligence Per Se – Defendant Bonner*)

28. Plaintiff incorporates by reference and realleges the allegations of the prior paragraphs as stated herein.

29. At all relevant times, Bonner: (a) was a licensed driver with a commercial driver's license employed by TLC; (b) was entrusted by TLC to drive a tractor-trailer; (c) was operating the tractor-trailer while acting within the course and scope of his employment with TLC; and (d) was driving a commercial motor vehicle in interstate commerce and was subject not only to South Carolina laws, trucking safety regulations and industry standards, and federal laws and regulations, including the Federal Motor Carrier Safety Regulations.

30. Bonner was negligent in the operation of the tractor-trailer he was driving in one or more of the following particulars:

   a) In intentionally operating the tractor-trailer at an unsafe, illegal speed;

   b) In operating the tractor-trailer in a negligent and unsafe manner;

   c) In failing to maintain a proper and diligent lookout;

   d) In failing to maintain control of his tractor-trailer;

   e) In failing to travel at a reduced speed in accordance with the slowed traffic ahead of him;

   f) In failing to perceive and react to the traffic conditions around him in an appropriate manner;

   g) In driving too fast for conditions;

   h) In failing to take appropriate evasive actions before the collision;

   i) In failing to apply his brakes in a timely manner;

   j) In driving while tired, distracted or otherwise not fully alert to the hazards around him;

      k)      In failing to use the degree of care and caution that a reasonable person would under the same or similar circumstances;

      l)      In driving a commercial motor vehicle in violation of Federal Motor Carrier Safety Regulations, violations of which constitute negligence *per se* on Bonner's part*;*

      m)      In otherwise failing to act reasonably and prudently as a professional commercial driver under the circumstances; and,

      n)      In any such other particulars as the discovery process or the evidence at trial may show.

31.      Bonner's careless, negligent, willful, wanton, reckless and unlawful acts were the direct and proximate cause of the incident and resulted in the death of Decedent. This is particularly true in view of TLC's own training materials, which confirm that **"Speeding"** is the # 1 contributing factor in fatal truck accidents." (emphasis in original).

32.      Plaintiff is informed and believes that as a direct and proximate result of the negligence, carelessness, gross negligence, and recklessness of Defendants, Decedent suffered fear, physical pain and suffering, mental and emotional distress and anguish.

33.      Plaintiff is further informed and believes that as a result of the wrongful death of Decedent caused by Defendants, the statutory beneficiaries of Decedent are entitled to judgment against Bonner for actual damages in an appropriate amount, as well as punitive damages, as they have suffered to following injuries:

      a)      Pecuniary loss;

      b)      Mental shock and suffering;

      c)      Wounded feelings,

      d)      Grief and sorrow;

      e)      Loss of companionship;

      f)      Loss of Decedent's experience, knowledge and judgment; and

      g)      Funeral expenses.

## FOR A SECOND CAUSE OF ACTION
**(*Negligence, Negligence Per Se, Negligent Hiring, Training, and Retention – Defendant TLC*)**

34.      Plaintiff incorporates by reference and realleges the allegations of the prior paragraphs as stated herein.

35.      At all times material hereto, Bonner was an employee or agent of TLC and was acting within the scope and course of his employment or agency.

36.      TLC exercised control over Bonner and had the right to control the time, manner, and method of his work as a commercial driver.

37.      Under applicable law, TLC is liable for the negligent actions and omissions of its employee, Bonner, pursuant to the doctrine of *respondeat superior* and the law of agency.

38.      As Bonner's employer, TLC was also independently negligent in hiring, training, entrusting, supervising, and retaining Bonner in connection with his operation of a commercial motor vehicle and for otherwise failing to act as a reasonable and prudent employer of commercial truck drivers would under the same or similar circumstances.

39.      As an employer of commercial truck drivers, TLC had the duty to properly train Bonner, the duty to supervise the hours of service of Bonner, the duty to only allow capable and qualified employees to operate tractor-trailers, and the duty to otherwise establish and implement necessary management controls and systems to ensure that its employees safely operate the commercial motor vehicles that they are tasked with driving, as employees of TLC.

40.      TLC knew or should have known Bonner was untrained and incapable of operating his vehicle in the manner required by the federal regulations and state law. Also, as noted above, TLC based on its own training materials that **"Speeding"** is the # 1 contributing factor in fatal truck accidents." (emphasis in original).

41. TLC knew or should have known that Bonner was inexperienced and lacked sufficient training such that he was incapable of complying with the Federal Motor Carrier Safety Regulations and state law and was therefore, a negligent and/or reckless driver.

42. TLC was also independently negligent in failing to meet its duties and responsibilities with regards its employees who are governed by and subject to the Federal Motor Carrier Safety Regulations and industry standards.

43. TLC owed a duty to Plaintiff to exercise reasonable care in conducting its business activities, including the implementation and following of appropriate operating standards and procedures, the hiring, retention and supervision of its employees, drivers and agent, including Bonner.

44. TLC owed statutory and common law duties to Plaintiff not to negligently and/or recklessly hire, supervise and retain employees.

45. TLC failed to properly supervise and train Bonner and allowed him to operate a commercial vehicle without the most basic training in violation of the Federal Motor Carrier Safety Regulations and state law.

46. TLC violated the above-mentioned duties and responsibilities and was therefore independently negligent, negligent *per se,* careless, reckless, willful and wanton in one or more of the following ways:

      a)     In negligently hiring Bonner;

      b)     In failing to ensure that Bonner was qualified to drive a commercial motor vehicle;

      c)     In failing to verify that Bonner operated the tractor-trailer in a reasonably safe manner and abided by all laws governing safe operation of commercial motor vehicles;

      d)     In negligently supervising Bonner;

      e)      In negligently allowing Bonner to drive a tractor trailer; and

      f)      In any such other particulars as the discovery process or the evidence at trial may show.

47.    TLC's careless, negligent, willful, wanton, reckless and unlawful acts were the direct and proximate cause of the incident and resulted in the death of Decedent.

48.    Plaintiff is informed and believes that as a direct and proximate result of the negligence, carelessness, gross negligence, and recklessness of TLC, Decedent suffered fear, physical pain and suffering, mental and emotional distress and anguish.

49.    Plaintiff is further informed and believes that as a result of the wrongful death of Decedent caused by TLC that the statutory beneficiaries of Decedent are entitled to judgment against TLC for actual damages in an appropriate amount, as well as punitive damages, as they have suffered to following injuries:

      a)      Pecuniary loss;

      b)      Mental shock and suffering;

      c)      Wounded feelings,

      d)      Grief and sorrow;

      e)      Loss of companionship;

      f)      Loss of Decedent's experience, knowledge and judgment; and

      g)      Funeral expenses.

**WHEREFORE**, Plaintiff requests a judgment be entered against Defendants Transport Leasing/Contract, Inc. and Yasiym Bryant Bonner for actual and punitive damages in an amount to be determined at trial, for the costs of this action, and for such other and further relief as the Court may deem just and proper.

Respectfully submitted,

By:  *s/ J. Taylor Powell*
Ellis R. Lesemann (Fed. ID No. 7168)
E-mail: erl@lalawsc.com
J. Taylor Powell (Fed. ID No. 12265)
E-mail: jtp@lalawsc.com
LESEMANN & ASSOCIATES LLC
418 King Street, Suite 301
Charleston, SC 29403
Phone: (843) 724-5155
Fax: (843) 720-2312

***ATTORNEYS FOR PLAINTIFF CARY PARKER, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF VERNON LEE PARKER, JR.***

January 14, 2022

Charleston, South Carolina